IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

KERI R. SHIRLEY,                )
                                       )
         Plaintiff,             )   TC-MD 130451D
                                       )
       v.                       )
                                       )
DEPARTMENT OF REVENUE,    )
State of Oregon,                 )
                                       )
         Defendant.       )   **FINAL DECISION**

The court entered its Decision in the above-entitled matter on February 12, 2014. The court did not receive a request for an award of costs and disbursements (TCR-MD 19) within 14 days after its Decision was entered. The court's Final Decision incorporates its Decision without change.

Plaintiff appeals Defendant's Notice of Refund Denial, dated June 28, 2013, disallowing Plaintiff's claimed working family child care credit (working family credit) and child and dependent care credit (child care credit) for tax year 2012. A telephone trial was held on December 16, 2013. Margie Chadwick (Chadwick), Licensed Tax Consultant, appeared on behalf of Plaintiff. Plaintiff testified on her own behalf. Tony Inovejas (Inovejas), Tax Auditor, appeared and testified on behalf of Defendant.

Plaintiff's Exhibits 1 through 6 and Defendant's Exhibits A through E were admitted without objection.

## I. STATEMENT OF FACTS

Plaintiff testified that she paid child care expenses for her one child in cash. She testified that in 2012 she had three child care providers: Nicole Wells, Gwen Ewing, and Heidi Ho Christian Preschool and Kindergarten (Heidi Ho Preschool). Plaintiff testified that during 2012

she did not deposit her paycheck into the Union Wallow Baker FCU account that she jointly shared with Aaron Frye. (*See* Ptf's Ex 1.) Plaintiff testified that the Jeep and mortgage payments were paid using funds from the joint bank account but "not day care expenses."

Chadwick confirmed that Plaintiff is claiming that she paid $4,152 in child care expenses and is entitled to a $1,661 working family credit and $450 child care credit. (*See* Def's Ex C at 2.) Plaintiff submitted provider statements and receipts for her claimed child care expenses:

| Child Care Provider | Amount |
|---|---|
| Nicole Wells | $   364.25 |
| Gwen Ewing | $2,953.75 |
| Heidi Ho Preschool | $   859.00 |
| Total | $4,177.00 |

(Ptf's Exs 3-5.) Inovejas testified that the receipts issued by Gwen Ewing were made out to both Plaintiff and "AJ." (Ptf's Ex 4 at 3-8.) Inovejas also testified that one of the receipts from Heidi Ho Preschool was made out to Aaron Frye, two receipts did not have the "received from" filled in, and the amount of one receipt ($70) was $100 less than the "Tuition Revenue" shown on the statement dated January 1, 2013. (Ptf's Ex 5 at 1-3.)

Inovejas testified that Defendant concluded that it was not clear Plaintiff was the "only one making child care payments." He testified that Plaintiff's net pay was $18,441.47 and her list of household expenses totaled $17,554. (Ptf's Exs 2 at 1, 6 at 1-2.) Chadwick stated that Plaintiff had "approximately $1,000 in tax refunds" in "addition to her paychecks." She also stated that she did not know Defendant was challenging Plaintiff's claim that she was the "only one making child care payments." Chadwick stated that not all the household expenses were paid by Plaintiff.

Inovejas testified that the Oregon Department of Revenue follows the guidelines set forth in the 2012 Oregon Income Tax Full-Year Resident booklet entitled "Proof of qualifying child

care expenses." (Def's Ex E at 2-3.) He noted that taxpayers should provide "[s]igned receipts from the child care provider received at the time of payment." (*Id*. at 2.) Inovejas stated that receipts should "[i]nclude bank statements or bank receipts showing cash withdrawals if paying in cash or money order." (*Id*. at 3.) He encourage Chadwick, who he described as a "tax preparer," to advise her clients.

## II. ANALYSIS

Oregon allows a qualifying taxpayer to claim a refundable credit to partially offset the taxpayer's child care costs incurred when a taxpayer is working or attending school. ORS 315.262.[1] This credit is commonly referred to as the working family credit. The statute provides in relevant part:

> "A qualified taxpayer shall be allowed a credit against the taxes otherwise due under ORS chapter 316 equal to the applicable percentage of the qualified taxpayer's child care expenses (rounded to the nearest $50)." ORS 315.262(3).

In addition to the working family credit, ORS 316.078 provides for a nonrefundable credit for certain employment-related expenses, including child care, paid by a taxpayer for the care of a dependent child or children. This credit is commonly referred to as the child care credit. The child care credit is specifically tied to IRC section 21. ORS 316.078(1).[2] The child care credit is "equal to a percentage of employment-related expenses allowable pursuant to section 21 of the Internal Revenue Code* * *." *Id.*; *see also* OAR 150-316.078(1) ("When calculating the Oregon child care credit, taxpayers must use the same employment related expenses used for calculating the federal credit, subject to the same limitations and eligibility requirements outlined in the IRC Section 21.").[3] IRC section 21(a)(l) provides a credit for a

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to the 2011 edition.

[2] The court's references to the Internal Revenue Code (IRC) of 1986, as amended, are to the 2012 tax year.

[3] The court's references to the Oregon Administrative Rules (OAR) are to the 2012 tax year.

"percentage of the employment related expenses * * * paid by such individual during the taxable year." "Expenses are employment-related expenses only if they are for the purpose of enabling the taxpayer to be gainfully employed. The expenses must be for the care of a qualifying individual or household services performed during periods in which the taxpayer is gainfully employed or is in active search of gainful employment." Treas Reg 1.21-1(c).

Plaintiff claimed a working family credit and a child care credit. To receive either or both credits, a taxpayer must pay for child care. After requesting substantiation for the child care expenses paid by Plaintiff and receiving nothing that met its substantiation requirements, Defendant denied Plaintiff's claimed credits. Plaintiff appeals Defendant's denial.

The issue before the court is whether Plaintiff is entitled to claim a working family credit and child care credit based on her child care expenses. "In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief * * *." ORS 305.427. Plaintiff must establish her claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." *Schaefer v. Dept. of Rev.*, TC No 4530 at 4 (Jul 12, 2001) (citing *Feves v. Dept. of Rev.*, 4 OTR 302 (1971)).

OAR 150-315.262(3) states that child care payments "must be made by the parent claiming the working family child care credit." Plaintiff testified that all child care expenses were paid by her in cash. Plaintiff submitted receipts from Nicole Wells and Heidi Ho Preschool stating that cash payments were received from Plaintiff in the amount of $339.25 and $180, respectively.

When a taxpayer decides to pay cash for child care expenses, the taxpayer has the burden of providing sufficient evidence to substantiate the total amount of the claimed expense. In

making its determination, the court is limited to the evidence presented. Contemporaneous receipts that are properly completed, including date, name of individual who paid the cash, and amount paid, and signed by the child care provider are essential evidence. Testimony is evaluated in the context of the receipts and other documented evidence. There is not a statutory requirement that a taxpayer have a bank account. The absence of canceled checks is one of the most significant challenges facing a cash basis taxpayer. A canceled check is evidence that an expense was paid on a certain date to a specific individual or entity by Plaintiff. Many taxpayers who pay in cash purchase money orders to have a payment record that supplements receipts.

In the case before the court, Plaintiff can only claim child care expenses that she paid. Plaintiff submitted incomplete receipts from two of the three child care providers or receipts stating that the payments were received from Plaintiff and "AJ." (Ptf's Ex 4-5.) None of the child care providers testified. Discrepancies between the incomplete receipts or receipts naming funds received from two individuals and Plaintiff's claimed expenses were not reconciled. Plaintiff did not testify or provide evidence explaining how, based on her 2012 net wages, she was able to pay the child care expenses and the household expenses. (Ptf's Exs 2 at 17, 6 at 1-2.) Plaintiff submitted no evidence showing that even though she listed household expenses she did not assume full responsibility for those listed expenses. (Ptf's Ex 6.) Plaintiff submitted no evidence of additional sources of personal income other than copies of her wage statements. (Ptf's Ex 2.)

### III. CONCLUSION

After careful consideration of the testimony and evidence, the court concludes that Plaintiff paid cash for child care expenses in the amount of $519.25 for tax year 2012. For the

/ / /

balance of Plaintiff's claimed child care expenses, Plaintiff's evidence was incomplete or inconclusive. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff is entitled to claim child care expenses in the amount of $519.25 for tax year 2012 and the working family credit and child care credit shall be calculated based on the allowed child care expense.

Dated this ___ day of March 2014.


_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.*

*This Decision was signed by Presiding Magistrate Jill A. Tanner on March 3, 2014. The court filed and entered this Decision on March 3, 2014.*